IN THE U.S. DISTRICT COURT OF THE STATE OF WEST VIRGINIA

| | |
|---|---|
| MATTHEW JONES, )<br>)<br>Plaintiff, )<br>)<br>v. ) C.A. No. 2:23-CV-17<br>)<br>BUCKHANNON POLICE DEPT., )<br>)<br>Et al., )<br>)<br>Defendants. )<br>)<br>)<br>) TRIAL BY JURY DEMANDED | **FILED**<br>DEC 04 2023<br>U.S. DISTRICT COURT-WVND<br>CLARKSBURG, WV 26301 |

## COMPLAINT

COMES NOW, the Plaintiff, MATTHEW JONES, and complains of the Defendants, as follows, to wit:

1. Plaintiff, MATTHEW JONES, is a citizen of the State of Delaware, presently having an address of 11366 Sussex Highway, Greenwood Delaware, 19950.

2. Defendants, STATE POLICE DEPARTMENT, are a municipality of the STATE OF WEST VIRGINIA presently having an address of 20 Bu Dr, Buckhannon, WV 26201.

1

3. Defendants, BUCKHANNON POLICE DEPARTMENT, are a municipality of the STATE OF WEST VIRGINIA presently having an address of 24 S Florida St, Buckhannon, WV 26201.

4. *Complaint~* In the end of June, beginning of July in the year 2000, when I was 14 years old, my legal identity birth aunt Brenda Henry planned scheduled anal rapes and tortures for me from the police all along the U.S. Route 13 Highway from Delaware to Georgia, to Florida and back to Delaware. The scheduled sexual slavery coincided with my aunt's annual visit to her church in Georgia. The Delaware State Police of Bridgeville, Delaware, anally and orally raped me in uniform, arriving in their vehicles, at my home in Greenwood for the worse parts of two hours as we departed. The Maryland State Police Barrack E Salisbury raped me continuously in the same fashion as we crossed into the South. They caused a traffic jam entering Salisbury, Maryland, from Delmar, Delaware. At the Bay Bridge crossing into Virginia, I was met by a half an hour of anal and oral rape and torture from the Virginia State Police, Division 7 Area 9, and the Newport News Virginia police. In North Carolina, I was raped downhill from a flaming tire burning yard called Piney Green Tire and Auto. The North Carolina State Highway Patrol and the local Jacksonville Police Department raped me anally and orally and

tortured me for more than 3 hours. The dragged my heaving body up the dirt path of the tire yard when I had very little life left in me, and raped me in the offices of the tire yard against the wills of the employees. In South Carolina, the next day, I was anally and orally raped, beaten, flogged, and tortured at the North Myrtle Beach Chamber of Commerce by South Carolina State Police Troop 5, and the Myrtle Beach Police Department. Two days later, we made it to Georgia. There I was raped by Brenda's church members, and the State police of Atlanta and Savannah, Georgia. We stayed in Georgia for eight days. We left Georgia for Florida. In Florida, I was anally and orally raped and tortured in Jacksonville, Tampa Bay, and Miami. The Florida Highway Patrol-Troop G, the Tampa Police Department, and the Miami Police Department participated. From Florida we travelled to the site of Mardis Gras in Louisiana. There, I was anally raped, orally raped, and tortured by Louisiana State Police Troop B and the New Orleans Police Department. On the way there, I was raped anally and orally and tortured by the Andalusia Alabama Police Department, the Covington County Alabama Police Department, the Highway Patrol of Mississippi, and the local police of Jackson, Mississippi, as we travelled along the southernmost roadways in the South from Florida to Louisiana. Leaving Louisiana, my

rapists took me across the Texas border, so that I could be raped by the Texas Rangers. In Jasper and Orange Texas, I was raped by Texas Rangers and local police officers anally, orally, and tortured. Along the highway in Arkansas, I was raped by Arkansas State Police near the Department of Public Safety in Little Rock. In Tennessee, I was raped at Dolly World and Splash Mountain in Pigeon Ford by the City of Pigeon Ford police units. We got majorly lost while driving leaving Tennessee for Kentucky. I was raped anally and orally and tortured by the police in Cottonwood Point, Missouri, after my captures told the arresting officer this story at a speeding traffic stop. In Kentucky, I was raped by the Perryville local police at the Civil War reenactment site Perryville Battlefield. In West Virginia, I was raped by my legal family in identity, where they lived in Buckhannon, WV. The state and local police participated in the anal and oral rapes and tortures of me, that continued for several days before returning to Delaware. On the way home, we made one last stop, so I could be anally and orally raped and tortured by the local and State police of Baltimore, Maryland.

5. I suffered major losses of blood in all of the rapes, deaths, internal bleeding, broken ribs, and broken joints and eye sockets. To resurrect me from the dead each time, a 250 year old tree needed to be converted into

medicine as well as the plants that only grow around them. The rapes left me in a mental delirium that continued for twenty years. I suffered from major obesity, heart diseases, and diabetes risks as results. There were also major STD risks.

6. The Defendants acted in a violation of my rights under *42 U.S.C. S 1983:* Anyone under colour of law who causes or subjects anyone in U.S. jurisdiction to the deprivation of any *Constitutional* rights shall be liable to the injured party in an action of law. The *14th Amendment* makes the *8th Amendment* applicable to the States. The *8th Amendment* protects me from cruel and unusual punishments which includes deliberate indifference to serious medical needs. Deliberate indifference, defined in *Estelle v. Gamble, 429 U.S 97 (1976)* is the unnecessary and wanton infliction of pain. In *Johnson v. Connections 196 A. 3d 412* a serious medical need is defined as one that has been diagnosed by a doctor or one so obvious that a layperson could recognize it and the need for a physician's attention. In *Lindsey v. Brady 537 F Supp 2d 666,* a serious medical need was one defined as a medical need that failure to treat could lead to serious injury, death. The Defendants showed deliberate

indifference to my health, my survival, my human rights, and my rights as a citizen of the United States of America.

7. The elements of negligence are: duty of care, breach, causation, and damages. The Defendants owe a duty of care to understand what injurious life-threatening actions are. The Defendants breached this duty of care by prescribing life altering, life ending brutality to the Plaintiff who needed aid and had committed no crime. The Defendants committed a breach by committing battery and anal rape. Anal rape is murder. The Defendants committed a breach by wounding me and offering me no treatment for my existing wounds and illnesses. The Defendants are the causation of the Plaintiff's continued suffering for existing wounds and illnesses and new suffering and life threatening ailments from my treatment. The defendants are the causation of suffering to the Plaintiff's reputation, and ability to socialise. The damages are the deliberate indifference to inflicting and not treating many diagnosed existing wounds and illnesses, the deliberate indifference to treating wounds and illnesses that a lay person can see, and the damage to the plaintiff's legal record, reputation, and public persona.

8. All American citizens, the Plaintiff and the Defendants, have an equal protection of laws and can be sued under the *14th Amendment*.

9. *Delaware Code Title 10 Chapter 40: Tort Claims Act Subsection 4011 Immunity from suit (c):* "An employee may be personally liable for acts or omissions causing property damage, bodily injury or death in instances in which the governmental entity is immune under this section, but only for those acts which were not within the scope of employment or which were performed with wanton negligence or wilful and malicious intent."

10. *The Federal Tort Claims Act* is a 1946 federal statute that permits private parties to sue the United States in a federal court for most torts committed by persons acting on behalf of the United States.

11. Rape and sexual assault are covered under *10 U.S. Code 920, Art. 120*. This code applies to federal sexual assault and rape, which are referred to as "sexual abuse". *The United States Code* also has a section on rape, *18 U.S.C. §§ 2031-2032*. The punishment for rape and sexual assault is a fine and imprisonment for not less than 30 years or for life.

12. In the *United States Code, Title 10, Subtitle A, Part II, Chapter 47, Subchapter X, Section 920, Article 120*, rape is defined as a sexual act committed by a person subject to this chapter upon another person by using unlawful force against that other person; using force causing or likely to cause death or grievous bodily harm to any person; threatening or placing that other person in fear that any person will be subjected to

death, grievous bodily harm, or kidnapping; first rendering that other person unconscious; or administering to that other person by force or threat of force, or without the knowledge or consent of that person, a drug, intoxicant, or other similar substance and thereby substantially impairing the ability of that other person to appraise or control conduct. The *statute of limitations for rape* under this section is **unlimited.**

13. *10 U.S. Code § 843 - Art. 43. Statute of limitations* reads (a) No Limitation for Certain Offenses.— A person charged with absence without leave or missing movement in time of war, with murder, rape or sexual assault, or rape or sexual assault of a child, maiming of a child, kidnapping of a child, or with any other offense punishable by death, may be tried and punished at any time without limitation.

14. *The U.S. Constitution, Article 3 Section 2* states: "The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;—to all Cases affecting Ambassadors, other public Ministers and Consuls;—to all Cases of admiralty and maritime Jurisdiction;—to Controversies to which the United States shall be a Party;—to Controversies between two or more States;—between a State and Citizens of another State,—between

Citizens of different States,—between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects. In all Cases affecting Ambassadors, other public Ministers and Consuls, and those in which a State shall be Party, the supreme Court shall have original Jurisdiction. In all the other Cases before mentioned, the supreme Court shall have appellate Jurisdiction, both as to Law and Fact, with such Exceptions, and under such Regulations as the Congress shall make. The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed."

15. *U.S. Constitution, Article 6,* paragraph 2: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

16. The doctrine of '*Respondeat Superior*' is a Latin maxim, which means 'Let the master answer'. This legal maxim makes an employer

9

responsible for the actions of their employee when the actions take place within the scope of employment. An employer is made responsible or accountable by transferring the liability upon the employer.

17. *Title 18, United States Code, Section 2,* makes it a crime to aid or abet the commission of another crime and provides as follows: (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces, or procures its commission, is punishable as a principal.

18. The Defendants owe the plaintiff duties of care to treat wounds, illnesses and ailments, duties of care to treat wounds illnesses and ailments that even a layperson can see, to do no harm to the plaintiff in his contact with and to use an acceptable reference text in making his diagnosis and identifying his symptoms. The Defendants created a breach by not treating any of the Plaintiff's existing ailments, wounds, or illnesses. The Defendants created a breach by inflicting wounds that have life ending effects on the Plaintiff. The Defendants are the cause of lost time for recovery, pain and suffering, damage to the plaintiff's reputation and legal record, serious life threatening dangers to the plaintiff's health, and undue fear and harassment. The Defendants were negligent, reckless, and/or wanton in that they:

    a. Were negligent in their actions;

    b. Violated the Plaintiff's *8th Amendment* rights;

    c. Violated the Plaintiff's rights under *42 U.S.C. 1983*;

    d. Censored the Plaintiff's *1st Amendment* rights to freedom of speech and freedom of press;

    e. Caused *Assault and Battery* to the Plaintiff;

    f. As a direct and proximate result of the negligent conduct of the Defendants, the Plaintiff suffered bodily injuries in the past and may continue to suffer from such injuries in the future. These actions have caused the Plaintiff, MATTHEW JONES, to suffer great pain and discomfort of the body and mind in the past, and may result in great pain and suffering of the body and mind in the future.

WHEREFORE, the Plaintiff, MATTHEW JONES, demands judgement against the Defendants in the amount of $125,000, for compensatory damages, including pain and suffering, and special damages, together with the costs of this action.

*[signature]*

Matthew Jones, in pro se

11366 Sussex Highway

Date: 11/28/2023                                              Greenwood, DE 19950

(302) 396-7319

AzraelLinusSmith@gmail.com