IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**MATTHEW JONES,**

      **Plaintiff,**

v.                                            Civil Action No. 2:23-CV-17
                                                   (JUDGE KLEEH)

**STATE POLICE DEPARTMENT**
**and BUCKHANNON POLICE**
**DEPARTMENT,**

      **Defendants.**[1]

**REPORT AND RECOMMENDATION, AFTER INITIAL**
**SCREENING, RECOMMENDING THAT PLAINTIFF'S**
**COMPLAINT [ECF NO. 1] BE DISMISSED WITHOUT PREJUDICE**

On December 4, 2023, *pro se* Plaintiff Matthew Jones ("Plaintiff") filed a Complaint against the above-captioned Defendants. [ECF No. 1]. Having screened Plaintiff's Complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2), the undersigned now **RECOMMENDS** that the Complaint [ECF No. 1] should be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief may be granted.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

In his *pro se* Complaint, Plaintiff lodges sweeping factual allegations about how, when he was a child, in June and July of 2000, a relative transported him across the mid-Atlantic, the South, and Midwest and facilitated his sexual abuse by officers at multiple police departments in the areas

---

[1] The names of the party-defendants in the case caption here are taken from the *pro se* Complaint lodged herein. The undersigned is aware that names of the party-defendants in the case caption may appear to be incomplete and/or improperly set forth. In the *pro se* Complaint, State Police Department is described as a "municipality" of the State of West Virginia and Buckhannon Police Department likewise is described as a "municipality" of State of West Virginia. This is noted as being emblematic of shortcomings of the *pro se* Complaint, and as such, underscores the undersigned's recommendation to screen the matter for dismissal.

they traveled. He alleges that the route which they traveled spanned from Delaware to Georgia, with the ultimate destination being the relative's church in Georgia. The route they allegedly traveled also extended to stops in Alabama, Mississippi, Louisiana, Arkansas, Texas, Missouri, Tennessee, and Kentucky, likewise involving multiple alleged stops at police departments along the way. The factual allegations concerning the above-captioned Defendants involve only two sentences: "In West Virginia, I was raped by my legal family in identity, where they lived in Buckhannon, WV. The state and local police participated in the anal and oral rapes and tortures of me, that continued for several days before returning to Delaware." [ECF No. 1, at 4].

As a result of the multiple instances of alleged sexual abuse on this journey, Plaintiff alleges that he suffered an array of physical, psychological, and emotional traumas and long-term health effects. And he alleges, bizarrely, that he died multiple times during these encounters, and that "[t]o resurrect me from the dead each time, a 250 year old tree needed to be converted into medicine as well as the plants that only grow around them." [ECF No. 1, at 4-5].

Plaintiff purports to lodge a claim under 42 U.S.C. § 1983. [ECF No. 1, at 5]. He also sets forth, in scattershot and partially-formed fashion, citations to other legal authorities and theories of relief, such as the Federal Tort Claims Act, common law negligence, the Fourteenth Amendment and various other constitutional provisions, the doctrine of *respondeat superior*, and a smattering of other state and federal statutes. He demands compensatory damages in the amount of $125,000.00, and recovery of his fees and costs incurred in bringing this action.

Finally, in conjunction with his other filings, Plaintiff filed a *pro se* Motion for Leave to Proceed *in forma pauperis* including an Application to Proceed Without Prepayment of Fees and Affidavit. [ECF No. 2].

On December 5, 2023, this Court, by the Honorable Thomas S. Kleeh, Chief United States District Judge, entered an Order of Referral [ECF No. 4], referring this matter to the undersigned United States Magistrate Judge in order "to conduct a scheduling conference and issue a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise."

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1915(e)(2)(B), where a plaintiff is seeking to proceed without the prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

This screening is generally conducted prior to ruling upon the Motion for Leave to Proceed *in forma pauperis* and Application to Proceed Without Prepayment of Fees and Costs and before service of process. See Portee v. United States Dep't of Agric., No. 2:15-CV-13928, 2016 WL 4962727, at *2 (S.D.W. Va. July 14, 2016) (Tinsley, J.), *report and recommendation adopted*, No. 2:15-CV-13928, 2016 WL 4942023 (S.D.W. Va. Sept. 15, 2016) (Johnston, J.). The purpose of this statute is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. See also Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (initial screenings required

because § 1915 removed the "economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.") (internal citations omitted); Whitehead v. Paramount Pictures Corp., No. 1:08CV792, 2009 WL 1565639, at *4 (E.D. Va. May 28, 2009), *aff'd in part sub nom.* Whitehead v. Paramount Pictures, Inc., 366 F. App'x 457 (4th Cir. 2010) (upholding dismissal). Thus, while 28 U.S.C. § 1915(e)(2)(B) speaks specifically to review as to *pro se* litigants who are prisoners, the Court may conduct such a screening regardless of whether a *pro se* litigant is a prisoner.

Relatedly, the undersigned of course is mindful of Plaintiff's *pro se* status in this context. Because Plaintiff is proceeding *pro se*, the Court must liberally construe the pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which a plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS OF COMPLAINT

The Complaint [ECF No. 1] provides **no** factual allegations as a basis for the Plaintiff's claims which would allow this Court to grant relief. Nor does Plaintiff set forth in the Complaint any necessary legal grounds entitling him to any relief.

In setting forth an incredible set of factual allegations, Plaintiff also invokes a number of loose citations to legal authority in support of his perceived grievances. However, the Court is left guessing as to the precise allegations about how Defendants are formed as entities and capable of being sued (and any identifying information about individuals acting on behalf of these entity

Defendants), their alleged actions beyond a brief couple of sentences, and Plaintiff's theories of relief. As such, Plaintiff's Complaint falls woefully short of stating viable claims.

Rule 8(a) of the Federal Rules of Civil Procedure does not generally require that claims be pled with great detail. To this end:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Nonetheless, even though Rule 8 does not require great particularity, claims must be pled with sufficient detail such that a defendant has fair notice of the basis of a plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). More specifically:

> It is established that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. We have recognized that facial plausibility is established once . . . the complaint's factual allegations produce an inference . . . strong enough to nudge the plaintiff's claims across the line from conceivable to plausible. In assessing the sufficiency of a complaint, we assume as true all its well-pleaded facts and draw all reasonable inferences in favor of the plaintiff. Thus, to satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged.

Nanni v. Aberdeen Marketplace, Inc., 878 F.3d 447, 452 (4th Cir. 2017) (internal citations and quotations omitted). As a corollary, of course, legal claims asserted must have a basis in both fact and law.

In the instant matter, the legal claims asserted are wholly unclear. And the factual and legal bases for the claims also are scant. As noted above, Plaintiff makes reference to 42 U.S.C. § 1983,

and other partially-formed citations to legal authority. But the legal claims – and the bases to support the claims – are not discernible.

As a neighboring District Court once helpfully summarized:

[A] district court "is not obliged to ferret through a [c]omplaint, searching for viable claims." Wynn–Bey v. Talley, No. RWT-12-3121, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012). On the contrary, courts have "unhesitatingly dismissed actions where the complaint:

- consisted of "a labyrinthian prolixity of unrelated and vituperative charges that def(y) comprehension," Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972), cert. denied, 411 U.S. 935, 93 S.Ct. 1911, 36 L.Ed.2d 396 (1973);
- was "confusing, ambiguous, redundant, vague and, in some respects, unintelligible," Wallach v. City of Pagedale, Missouri, 359 F.2d 57, 58 (8th Cir. 1966);
- was "so verbose, confused and redundant that its true substance, if any, is well disguised," Corcoran v. Yorty, 347 F.2d 222, 223 (9th Cir.), cert. denied, 382 U.S. 966, 86 S.Ct. 458, 15 L.Ed.2d 370 (1965);
- contained "a completely unintelligible statement of argumentative fact," Koll v. Wayzata State Bank, 397 F.2d 124, 125 (8th Cir. 1968), with "little more than demands, charges, and conclusions," Burton v. Peartree, 326 F.Supp. 755, 758 (E.D. Pa. 1971);
- represented "circuitous diatribes far removed from the heart of the claim," Prezzi v. Berzak, 57 F.R.D. 149, 151 (S.D.N.Y. 1972); or
- set forth "a meandering, disorganized, prolix narrative," Karlinsky v. New York Racing Association, Inc., 310 F.Supp. 937, 939 (S.D.N.Y. 1970).

Jianqing Wu v. TrustPoint Int'l, No. CV PWG-15-1924, 2015 WL 13091378, at *1 (D. Md. Oct. 5, 2015) (formatting altered) (quoting Brown, 75 F.R.D. at 499 (dismissing complaint that was "a confused and rambling narrative of charges and conclusions concerning numerous persons, organizations and agencies" and that "contain[ed] an untidy assortment of claims that [were] neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments")).

Plumhoff v. Cent. Mortg. Co., 286 F. Supp. 3d 699, 702 (D. Md. 2017).

In the instant matter, the claims, arguments, and legal bases for theories of relief are similarly incoherent. They need wholesale, cogent re-development and presentation. The Court is

6

left to guess how, for example, Plaintiff's invocation of Delaware state statutory authority supports theories of relief under the scant facts alleged concerning Defendants in this District. By way of further example, Plaintiff invokes 18 U.S.C. § 2031, a now-repealed criminal statute which appears to have criminalized certain sex offenses on federal property. Yet, Plaintiff does not explain how a repealed *criminal* statute could give rise to *civil* liability and an award of money damages, or how it otherwise supports claims for relief in this context. Moreover, the identities of Defendants are unclear, insofar as they appear to be misidentified and/or Plaintiff misunderstands how they are structured as governmental entities.

In a bid to examine the Complaint most favorably to Plaintiff, it appears that, at bottom, he seeks to bring a § 1983 civil rights claims against police departments/agencies. The other ham-fisted claims, theories of relief, and invocations of legal authority seem to be in ultimate support of an attempt to articulate a § 1983 civil rights claim.

Under longstanding caselaw, it is possible to state a civil rights claim against state and local governmental entities. However, such an entity may not be liable for the sole reason that it employs a tortfeasor. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 692 (1978). Rather, a claimant must allege how the entity, as an employer, caused the employee to inflict injury (i.e. violate constitutional rights) in "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy . . .". Id. at 694. In his Complaint, Plaintiff makes no allegations about employees acting contrary to constitutional rights by dint of a governmental policy or custom. Thus, Plaintiff fails to show that Defendants are properly-named parties.

Aside from the Monell analysis above, to the extent which Plaintiff may be attempting to name and sue a local police department, they typically are instrumentalities or agencies of a

municipality, and cannot be sued as a standalone entity. Under West Virginia Code, municipalities have plenary authority to establish their own police departments. More specifically, "[t]he police force or department in each municipality shall be subject to the authority, control and discipline of the administrative authority." W. Va. Code § 8-14-1. As such, if Plaintiff is attempting to sue a local police department, it would be an entity which cannot be sued, given how it is established as an "arm" of the municipality. Polk v. Town of Sophia, No. 5:13-CV-14224, 2013 WL 6195727, at *4 (S.D.W. Va. Nov. 27, 2013).

As such, the undersigned **FINDS** that Plaintiff sets forth no cognizable claims, and as such, fails to state a claim upon which relief can be granted.

### IV. PLAINTIFF'S REQUEST TO PROCEED *IN FORMA PAUPERIS*

Because of the lack of any factual allegations of acts, omissions, or wrongdoing by Defendants giving rise to cognizable legal claims, the undersigned **FINDS** that the Complaint fails to state a claim upon which relief may be granted. After performing an initial screening pursuant to 28 U.S.C. § 1915(e)(2), the undersigned concludes and **RECOMMENDS** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] be **DENIED**.

### IV.     RECOMMENDATION

For the abovementioned reasons, the undersigned **FINDS** that the Complaint [ECF No. 1] fails to state a claim upon which relief may be granted. Accordingly, the undersigned respectfully **RECOMMENDS** Plaintiff's Complaint, filed in *forma pauperis* [ECF No. 1], should be **DISMISSED** in its entirety **WITHOUT PREJUDICE** after review and screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Further, the undersigned **RECOMMNEDS** that Plaintiff's corresponding motion to proceed *in forma pauperis* [ECF No. 2] be **DENIED**.

Any party shall have fourteen (14) days from the date of service of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the presiding United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to send a copy of this Report and Recommendation to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia, and to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED**: January 22, 2024.

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE