```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**MATTHEW JONES,**

      **Plaintiff,**

   **v.**                                    **CIVIL NO. 2:23-CV-17**
                                                          **(KLEEH)**

**STATE POLICE DEPARTMENT and**
**BUCKHANNON POLICE DEPARTMENT,**

      **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION IN PART [ECF NO. 5] AND DISMISSING ACTION WITH PREJUDICE

On December 4, 2023, the pro se Plaintiff, Matthew Jones ("Plaintiff"), filed a Complaint against the State Police Department and the Buckhannon Police Department. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi (the "Magistrate Judge") for initial review. On January 22, 2024, the Magistrate Judge entered a Report and Recommendation ("R&R"), recommending that the Court dismiss the action without prejudice for failure to state a claim.

The R&R informed Plaintiff that he had fourteen (14) days from the date of service of the R&R to file "specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection." It further warned him that the "[f]ailure to timely

**ORDER ADOPTING REPORT AND RECOMMENDATION IN PART [ECF NO. 5] AND DISMISSING ACTION WITH PREJUDICE**

file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." Plaintiff filed "Objections to Magistrate's Recommendations to Dismiss Case" on February 6, 2024 [ECF No. 6].

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). An objection must be specific and particularized to warrant such review. See United States v. Midgette, 478 F.3d 616, 621-22 (4th Cir. 2007). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603–04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Defendant's "objections" are unintelligible and do not specifically point to any error in the R&R. Thus, the Court is under no obligation to conduct a de novo review. Accordingly, the Court reviewed the R&R for clear error. Upon careful review, and finding no clear error, the Court **ADOPTS** the R&R **IN PART** [ECF No. 5], choosing to dismiss the action with prejudice, as opposed to

**ORDER ADOPTING REPORT AND RECOMMENDATION IN PART [ECF NO. 5] AND DISMISSING ACTION WITH PREJUDICE**

without prejudice. This action is **DISMISSED WITH PREJUDICE** for failure to state a claim and **STRICKEN** from the Court's active docket.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record via email and the pro se Plaintiff via certified mail, return receipt requested.

DATED: April 4, 2024

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA